SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JESSE A. SALEN (Cal. Bar. No. 292043)
12275 El Camino Real, Suite 200
San Diego, California 92130
Tel:   (858) 720-8900
Fax:   (858) 509-3691
Email: jsalen@sheppardmullin.com

BRADLEY C. GRAVELINE (*admitted pro hac vice*)
DAVID M. POELL (*admitted pro hac vice*)
70 West Madison Street, 48th floor
Chicago, Illinois 60602
Tel:   (312) 499-6300
Fax:   (312) 499-6301
Email: bgraveline@sheppardmullin.com
       dpoell@sheppardmullin.com

*Attorneys for Innovus Pharmaceuticals, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVUS PHARMACEUTICALS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES L. YEAGER, PH.D., SERVET BUYUKTIMKIN, AND NADIR BUYUKTIMKIN,<br><br>Defendants. | **Case No. 3:19-CV-00155-AJB-JLB**<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, INNOVUS PHARMACEUTICALS, INC. ("Innovus" or "Plaintiff"), a Nevada Corporation with its principal place of business in San Diego, California, alleges as follows for its First Amended Complaint against Defendants JAMES L. YEAGER, PH.D. ("Yeager"), SERVET BUYUKTIMKIN ("S. Buyuktimkin") and NADIR BUYUKTIMKIN ("N. Buyuktimkin") (collectively, "Defendants"):

## PARTIES

1. Innovus is a corporation organized and existing under the laws of Nevada with its principal place of business in San Diego, California.

2. Yeager is a domiciled citizen of Illinois.

3. S. Buyuktimkin is a domiciled citizen of California.

4. N. Buyuktimkin is a domiciled citizen of California.

## JURISDICTION AND VENUE

5. This is a civil action for copyright infringement in violation of the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, and for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.*, arising from unauthorized Defendants' copying and pasting of Plaintiff's original work of authorship into Defendants' U.S. Patent Application No. 15/496,861, which was filed with the U.S. Patent and Trademark Office on April 25, 2017. Innovus holds exclusive rights to the copyrighted material infringed by Defendants.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 17 U.S.C. § 1203(a).

7. This Court has personal jurisdiction over Yeager because, among other matters, the copyright holder (Innovus) resides in California and Yeager willfully harmed a California entity by knowingly infringing its copyrighted material. Moreover, the copyrighted work that Defendant willfully infringed was created and is maintained in California. In addition, the contracts transferring the intellectual

property rights that are at issue in this litigation contain California choice of law and venue provisions.

8. This Court has personal jurisdiction over S. Buyuktimkin because S. Buyuktimkin is a domiciled citizen of California and resides in California.

9. This Court has personal jurisdiction over N. Buyuktimkin because N. Buyuktimkin is a domiciled citizen of California and resides in California.

10. Venue is proper in the California pursuant to 28 U.S.C. §§ 1391(a) and (b), or 28 U.S.C. § 1400(a).

## FACTS AND ALLEGATIONS

11. Yeager received his Ph.D. in Industrial and Physical Pharmacy from Purdue University in 1978. During his professional career, Yeager has been the inventor of certain topical creams used for various health-related purposes and he and/or the entities he has been involved with have filed patent applications with the United States Patent and Trademark Office.

12. On information and belief, on or about April 15, 2012, Centric Research Institute ("CRI"), a California corporation, engaged Yeager to invent a topical cream designed to treat men with erectile-dysfunction problems.

13. Pursuant to a written agreement between Yeager and CRI, Yeager agreed to assign his rights, title and interest in and to any and all ideas, improvements, inventions and works of authorship to CRI.

14. On April 19, 2013, CRI and Innovus entered into an Asset Purchase Agreement (the "APA"). The APA defines "Product" to mean "all past, present and future CIRCUMSerum™ product formulations . . . and presentations including dispenser and samples . . . ." Pursuant to the APA, CRI assigned its entire right, title and interest in the Product to Innovus and further granted to Innovus an exclusive, perpetual license to the intellectual property rights and commercialization rights to the Product. This agreement dont contains a California choice of law and venue provision.

15. Pursuant to the APA, Innovus acquired exclusive rights and title to all intellectual property rights owned or controlled by CRI, including trade secrets, know-how, copyrights, and domain names relating to the Product.

16. In an Amendment to the APA dated June 9, 2016, Innovus and CRI entered into a marketing agreement which permitted Innovus to sell in the United States Sensum®, which is the name Innovus gave to the CIRCUMSerum™ product.

17. On April 25, 2017, Yeager, S. Buyuktimkin and N. Buyuktimkin filed a patent application, which was numbered U.S. Patent Application No. 15/496,861 (the "'861 Application"). This application was entitled "SENSITIZATION COMPOSITION AND METHOD OF USE". A true and correct copy of the specification Defendants filed in connection with the '861 Application is attached hereto as Exhibit A.

18. In the '861 Application, Yeager, S. Buyuktimkin and N. Buyuktimkin copied verbatim copyrighted material that is contained on Innovus' website.

19. The copyrighted material relates to a clinical use survey study conducted on behalf of Innovus to assess the effect of Sensum+® on penile sensitivity after three weeks of twice-daily treatment (the "Clinical Study"). The Clinical Study involved 14 patients who used Sensum+® during a five-week period. The survey included questions regarding, among other matters, (1) previous history of reduced penile sensitivity (RPS), and the effect of Sensum+® on penile sensitivity, (2) Masturbation Ejaculatory Latency Time (MELT), (3) Intra-Vaginal Ejaculatory Latency Time (IELT), (4) sex-life satisfaction, and (5) sex-partner's satisfaction.

20. The results of the Clinical Study are owned and copyrighted by Innovus and are contained on Innovus' website at https://innovuspharma.com (the "Clinical Study Table"). A true and correct copy of the Clinical Study Table is attached hereto as Exhibit B. The clinical data contained in the Clinical Study Table was selected, coordinated and arranged as an original work by clinical researchers who ran the

Clinical Study on behalf of Innovus. The Clinical Study Table also reflects the results of answers to questions that reflect originality and creativity of the researchers.

21. The Clinical Study Table was first published on or about November 1, 2014, and has been posted continuously on Innovus' website for several years. The Clinical Study Table constitutes an original work of authorship resulting from proprietary developed patient and consumer self-assessment questionnaire titled and numbered INNV-RPS1001-M relevant to the conditions tested and is copyrightable subject matter.

22. On January 2, 2019, Innovus filed an application with the U.S. Copyright Office to register the Clinical Study Table and other material on its website as a copyrightable work pursuant to 17 U.S.C. § 408 (the "Copyright Application"). A true copy of the Copyright Application is attached hereto as Exhibit C.

23. The Copyright Office has granted registration of Innovus' copyright of the Clinical Study Table, which has been entered in the Copyright Catalog and assigned Registration No. TX0008672337. A true copy of the copyright registration form printed from the Copyright Office's website is attached hereto as Exhibit D.

24. The '861 Application contains the identical Clinical Study Table. (See Exhibit A, at p. 8.)

25. The '861 Application lists Yeager, S. Buyuktimkin and N. Buyuktimkin as inventors. In the '861 Application, Defendants copied the Clinical Study Table directly from Innovus' website and pasted the copyrighted Clinical Study Table verbatim into the '861 Application.

26. Defendants knew the Clinical Study Table belonged to Innovus, but Defendants wrongfully copied the Clinical Study Table in their patent application in order to persuade the United States Patent and Trademark Office ("USPTO") to award them a patent based on Innovus' data as presented in the Clinical Study Data.

27. When copying and pasting Plaintiff's Clinical Study Table verbatim into the '861 Application, Defendants intentionally removed and altered Plaintiff's copyright management information that Plaintiff had published with the Clinical Study Table. Specifically, Defendants removed the title of the Clinical Study Table (Sensum+ Clinical Efficacy Summary) and added false copyright management information (**Table 3.** Results from Example 3 Study) to conceal Defendants' willful copyright infringement and to give the false impression that the Clinical Study Table was an original work of Defendants.

28. Defendants ordered the intentional display of the infringing Clinical Study Table on the '861 Application when they submitted the '861 Application to the USPTO, knowing that Plaintiff's copyright management information had been removed and altered without authority of the copyright owner, and knowing that it would conceal an infringement of rights.

29. The Clinical Study Table does not contain mere facts. Rather, the data set forth in the Clinical Study Table is selected and presented in such a manner as to convey a substantial amount of information in a condensed format, and it is designed and intended to be a persuasive clinical endpoints presentation of data specifically designed for direct to consumer marketing. This tabular format and the data presented in it has been tested for direct response with thousands of households to yield optimal sales response.

30. Innovus did not authorize Defendants or anyone acting on their behalf to copy the Clinical Study Table into the '861 Application.

31. On August 10, 2017, the '861 Application was published by the USPTO as U.S. Patent Publication No. 2017/0224755 A1.

32. On November 21, 2017, the USPTO granted Patent No. US 9,821,021 B2, entitled Sensitization Composition and Method of Use (the "'021 Patent"). The

1  '021 Patent lists Yeager, S. Buyuktimkin, and Nadir Buyuktimkin as investors.  A
2  true and correct copy of the '021 Patent is attached hereto as Exhibit E.

3    33.    The '021 Patent contains the identical Clinical Study Table.  (See Exhibit
4  E, at p. 5.)  On information and belief, the USPTO allowed the '021 Patent based on
5  the Clinical Study Table.

6    34.    At no time did Defendants inform Innovus that they used the copyrighted
7  material in connection with their patent application.  Innovus did not learn that
8  Defendants had wrongfully used this material until after the USPTO allowed the '021
9  Patent.

10    35.    On information and belief, the USPTO would not have granted the '021
11 Patent in the absence of the Clinical Study Table.

12    36.    Defendants would not have been able to obtain and use the '021 Patent
13 had they not infringed Innovus' copyright and copied the Clinical Study Table –
14 verbatim – in their patent application.

15    37.     The '021 Patent has commercial value to Defendants.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501(a))

38.    Plaintiff hereby realleges and incorporates by reference the preceding Paragraphs 1–37 as if fully stated herein.

39.    The Clinical Study Table constitutes an original work of authorship resulting from proprietary developed patient and consumer self-assessment questionnaire titled and numbered INNV-RPS1001-M relevant to the conditions tested and is copyrightable subject matter.  Plaintiff has complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and the Copyright Office has granted registration of Plaintiff's copyright of the Clinical Study Table, which has been entered in the Copyright Catalog and assigned Registration No. TX0008672337.

40. Defendants had no right to use the Clinical Study Table. Rather, they used the Clinical Study Table to further their own interests and to fraudulently obtain the '021 Patent by representing to the USPTO that the Clinical Study Table belonged to Defendants rather than to Innovus.

41. Innovus is the owner of the copyright on the Clinical Study Table, and the Copyright Office has registered the copyright.

42. Defendants willfully infringed Innovus' copyright by copying and pasting the Clinical Study Table verbatim into the '861 Application.

43. Defendants' actions constitute copyright infringement.

44. As a direct and proximate result of Defendants' infringement, Innovus is entitled to damages in an amount to be proven at trial.

45. Among other things, Innovus is entitled to recover from Defendants sales Plaintiff lost as a result of the infringement. Innovus believes that such damages are currently estimated to be in excess of $1,000,000.00.

46. Innovus also is entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting and constructive trust with respect to such profits.

**WHEREFORE**, Plaintiff Innovus Pharmaceuticals, Inc. prays for judgment against Defendants on Count I as follows:

A. Awarding Innovus actual damages and all gains, profits, and advantages derived by Defendants' infringement.

B. Awarding Innovus its sales lost as a result of Defendants' infringement, in an amount in excess of $1,000,000.00.

C. Ordering an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringing actions.

D. Awarding Innovus all profits obtained by Defendants as a result of their wrongful copyright infringement.

E.  Awarding Innovus pre-judgment and post-judgment interest according to law.

F.  Awarding Innovus such other and further relief as the Court may deem equitable and just.

## COUNT II
## VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

47. Plaintiff hereby realleges and incorporates by reference the preceding Paragraphs 1–46 as if fully stated herein.

48. The title of the copyrighted Clinical Study Table – "Sensum+ Clinical Efficacy Summary" – and all other information identifying the work constitutes copyright management information under 17 U.S.C § 1202(c)(1).

49. When copying and pasting Plaintiff's Clinical Study Table verbatim into the '861 Application, Defendants intentionally removed and altered Plaintiff's copyright management information that Plaintiff had published with the Clinical Study Table. Specifically, Defendants removed the title of the Clinical Study Table (Sensum+ Clinical Efficacy Summary) and added false copyright management information (**Table 3.** Results from Example 3 Study) to conceal Defendants' willful copyright infringement and to give the false impression that the Clinical Study Table was an original work of Defendants, in violation of 17 U.S.C. § 1202(b)(1).

50. Defendants ordered the intentional display of the infringing Clinical Study Table on the '861 Application when they submitted the '861 Application to the USPTO, knowing that Plaintiff's copyright management information had been removed and altered without authority of the copyright owner, and knowing that it would conceal an infringement of rights, in violation of 17 U.S.C. § 1202(b)(3).

51. Plaintiff has suffered damages as a result of Defendants' unauthorized and intentional removal of copyright management information and insertion of false information, and the subsequent submission of '861 Application to the USPTO.

52. Defendants actions constitute intentional and knowing violations of 17 U.S.C. § 1202.

**WHEREFORE**, Plaintiff Innovus Pharmaceuticals, Inc. prays for judgment against Defendants on Count II as follows:

A. Awarding Innovus actual damages and all gains, profits, and advantages derived by Defendants' violations pursuant to 17 U.S.C. § 1203(c), in such amounts as may be found or established at trial, arising from Defendants' violations of Plaintiff's rights under 17 U.S.C. § 1202.

B. Awarding Innovus statutory damages pursuant to 17 U.S.C. § 1203(c), in such amounts as may be found or established at trial, arising from Defendants' violations of Plaintiff's rights under 17 U.S.C. § 1202.

C. Awarding Innovus all profits obtained by Defendants attributable to their violations of Plaintiff's rights under 17 U.S.C. § 1202.

D. Awarding Innovus its attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5).

E. Awarding Innovus pre-judgment and post-judgment interest according to law.

F. Awarding Innovus such other and further relief as the Court may deem equitable and just.

Dated: March 25, 2019            Respectfully submitted,

By: */s/ Jesse A. Salen*
Jesse A. Salen (Cal. Bar. No. 292043)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, California 92130
Tel: (858) 720-8900
Fax: (858) 509-3691
jsalen@sheppardmullin.com

| | |
|---|---|
| 1 | Bradley C. Graveline (*admitted pro hac vice*) |
| 2 | David M. Poell (*admitted pro hac vice*) |
|   | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
| 3 | 70 West Madison Street, 48th floor |
|   | Chicago, Illinois 60602 |
| 4 | Direct:  (312) 499-6300 |
| 5 | Fax:  (312) 499-6301 |
|   | bgraveline@sheppardmullin.com |
| 6 | dpoell@sheppardmullin.com |
| 7 | |
|   | ***Counsel for Innovus Pharmaceuticals, Inc.*** |
| 8 | |